**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 16-cv-0087-WJM-MEH

ROCKY MOUNTAIN CHOCOLATE FACTORY, INC., a Delaware Corporation,

    Plaintiff,

v.

DJRJ, LLC, f/k/a CHERRYBERRY, LLC,
DJRJ CORPORATE, LLC, f/k/a CHERBERRY CORPORATE, LLC,
DJRJ ENTERPRISES, LLC, f/k/a CHERRYBERRY ENTERPRISES, LLC,

    Defendants.

## ORDER STAYING AND ADMINISTRATIVELY CLOSING THIS ACTION

This is a lawsuit for declaratory judgment brought by Plaintiff Rocky Mountain Chocolate Factory, Inc. ("RMCF") against Defendants DJRJ Enterprises, LLC, DJRJ Corporate, LLC, and DJRJ, LLC (collectively, "DJRJ"). (ECF No. 1.) Currently before the Court is DJRJ's Motion to Dismiss, or in the Alternative, Motion to Stay or Transfer to the Northern District of Oklahoma. (ECF No. 17.) For the reasons explained below, the Motion is granted in part. Specifically, the Court will stay and administratively close this matter in deference to a similar motion pending in the United States District Court for the Northern District of Oklahoma.

### I. BACKGROUND & PROCEDURAL HISTORY

**A.    The First Colorado Case**[1]

On August 25, 2015, an entity named U-Swirl, Inc., and another named U-Swirl

---

[1] All ECF citations in this Part I.A are from the docket for District of Colorado case number 15-cv-2147.

International, Inc. (collectively, "U-Swirl") filed a lawsuit against DJRJ in U-Swirl's hometown of Durango, Colorado (La Plata County District Court). (ECF No. 1-1.) U-Swirl's complaint briefly described a transaction by which it purchased certain assets from DJRJ, and U-Swirl accused DJRJ of breaching a part of the asset purchase agreement related to trades of allegedly restricted stock. (*Id.* ¶¶ 6–18.) U-Swirl sought damages and declaratory judgment that it no longer owed defendants a $2 million payment that might otherwise be due under the asset purchase agreement. (*Id.* at 6.)

DJRJ is an Oklahoma resident, and removed U-Swirl's lawsuit to this Court on September 29, 2015, invoking jurisdiction under 28 U.S.C. § 1332(a) ("First Colorado Case"). (ECF No. 1.) The following day, DJRJ answered U-Swirl's complaint and asserted a counterclaim for breach of the asset purchase agreement. (ECF No. 10 ¶¶ 27–30.) DJRJ also asserted a third-party complaint against RMCF's Colorado subsidiary ("RMCF-Colorado"), claiming that U-Swirl is RMCF-Colorado's alter ego. (*Id.* ¶¶ 16–26, 31–39.)

U-Swirl never answered DJRJ's counterclaim, and RMCF-Colorado never answered DJRJ's third-party claim. On November 12, 2015, however, U-Swirl voluntarily dismissed its claims against DJRJ, explaining that it had "determined it is not in [its] best interest to presently pursue [its] claims . . . . Should facts develop to support those claims thru the legal process, then U-Swirl may reassert said claims or others depending on the evidence." (ECF No. 30 ¶ 3.) Given this, the only remaining claims were DJRJ's counterclaim against U-Swirl, and DJRJ's third-party claim against RMCF-Colorado.

The parties sought and received numerous extensions to facilitate potential settlement, and in particular, a mediation scheduled for January 12, 2016. (ECF No. 35 ¶ 1.) On January 13, 2016, DJRJ filed a notice of voluntary dismissal of its pending claims, thus terminating the First Colorado Case. (ECF Nos. 42, 44, 45.)

**B.    The Metastasis**[2]

January 13, 2016, turned out to be a busy day for the parties. On that same date, DJRJ filed a new lawsuit in the Northern District of Oklahoma. (*See DJRJ, LLC et al. v. U-Swirl, Inc. et al.*, No. 4:16-cv-00021-GKF-FHM ("Oklahoma Case").) DJRJ named U-Swirl and RMCF as defendants. (*See id.*) RMCF is a Delaware corporation based in Durango. (ECF No. 17-7 ¶ 2.) DJRJ apparently concluded that RMCF, rather than RMCF-Colorado, is the true parent of U-Swirl, and reasserted the claims that had been pending in the First Colorado Action (breach of contract and alter ego).

RMCF likewise filed a new lawsuit—this lawsuit—on January 13. (ECF No. 1.) RMCF requests declaratory judgment against DJRJ that U-Swirl is not RMCF's alter ego. (*Id.* ¶ 20.) RMCF did not include U-Swirl as a party to this lawsuit. U-Swirl, however, filed its own lawsuit against DJRJ in the District of Colorado on January 13, asserting essentially the same claims as in the First Colorado Case, *i.e.*, damages for stock manipulation and declaratory judgment of no further obligation under the asset purchase agreement. (*See U-Swirl, Inc. et al. v. DJRJ et al.*, No. 16-cv- 0089-CBS, ECF No. 1.) U-Swirl did not name RMCF as a party to that action.

---

[2] Unless otherwise noted, all ECF citations from this point forward are from the docket for this case, 16-cv-87.

The record is not clear regarding the precise time on January 13 that DJRJ filed the Oklahoma Action.  However, DJRJ claims, and RMCF does not dispute, that DJRJ filed the Oklahoma Action after dismissing the First Colorado Case and before RMCF and U-Swirl filed their actions.  (ECF No. 17 at 5–6.)

DJRJ has now brought its instant Motion, requesting that this Court dismiss, stay, or transfer this lawsuit to avoid duplication with the Oklahoma Case.  (ECF No. 17.)  RMCF has brought a similar motion in the Oklahoma Case, seeking to transfer the claims against it to this lawsuit.  (Oklahoma Case, ECF No. 15.)  RMCF has also moved to be dismissed from Oklahoma Case for lack of personal jurisdiction.  (*Id.*, ECF No. 14.)

## II.  ANALYSIS

This case raises a "first to file" dispute.  The general rule is that "the first federal district court which obtains jurisdiction of parties and issues should have priority and the second court should decline consideration of the action until the proceedings before the first court are terminated."  *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965).  Here, it is undisputed that the Oklahoma Case was the first to be filed out of the three lawsuits filed on January 13.  RMCF nonetheless claims that the first-to-file rule does not apply for at least two reasons, which the Court will discuss in turn.

RMCF first argues that this Court, in the First Colorado Case, was the first court to obtain jurisdiction over the parties and the issues.  (ECF No. 30 at 4–5.)  RMCF has cited no authority for the notion that a dismissed lawsuit can be considered the "first" in a first-to-file analysis.  The Court rejects this argument.

RMCF next argues that the first-to-file rule does not apply to lawsuits filed on the same day. (*Id.* at 5–6.) RMCF has cited some authority for this proposition, ranging from categorical to equivocal. *Compare Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1153 (S.D.N.Y. 1995) ("[The first-to-file] rule is usually disregarded where the competing suits were filed merely days apart. [Citing a 1978 Second Circuit decision.] Here, because the lawsuits were both filed on the *same* day, the first-filed rule is inapplicable." (emphasis in original)) *with Aqua-Care Mktg. LLC. v. Hydro Sys., Inc.*, 99 F. Supp. 3d 959, 963 (S.D. Iowa 2015) ("because the cases were filed on the same day only hours apart, the fact that Aqua-Care was the first-to-file is not outcome determinative"); *see also Topics Entm't Inc. v. Rosetta Stone Ltd.*, 2010 WL 55900, at *4 (W.D. Wash. Jan. 4, 2010) ("the fact that the suits were filed only two hours apart supports the Court's decision to depart from the first-to-file rule"); *Aurora Corp. of Am. v. Fellowes, Inc.*, 2008 WL 709198, at *1 (C.D. Cal. Feb. 27, 2008) ("the first-filed rule is not intended to create a race to the courthouse," and therefore "is of limited value" when "the parties filed nearly simultaneous actions in competing jurisdictions").

These authorities mostly reinforce the proposition that "the first-to-file rule is not entitled to 'mechanical application.'" *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1164 (10th Cir. 1982). Rather, it is "to be applied in a manner best serving the interests of justice." *Keymark Enters., LLC v. Eagle Metal Prods.*, 2008 WL 4787590, at *3 (D. Colo. Oct. 30, 2008) (internal quotation marks omitted). Thus, the Court agrees that the parties' filing of the various suits within hours of each other on the same day could be a proper consideration in choosing whether to apply the first-to-file rule.

Nonetheless, although the first-to-file rule may not apply rigidly to the question of which court will decide the merits of the case, the first-to-file rule is fairly robust on the question of *which court will decide* whether the first-to-file rule will apply. The first-to-file rule is motivated by the "wastefulness of time, energy and money" created by "simultaneous prosecution in two different courts of cases relating to the same parties and issues." *Cessna Aircraft*, 348 F.2d at 692 (internal quotation marks omitted). This applies equally well to simultaneous prosecution in different courts of competing motions to dismiss, stay, or transfer to the other court—as is the case here. Thus, the Tenth Circuit has directed that the court in the first-filed case "should be allowed to first decide issues of venue." *Hospah Coal*, 673 F.2d at 1164. This Court must accordingly defer to the Northern District of Oklahoma on those issues. *See, e.g.*, *Wine Masters Cellars, LLLP v. Vinotemp Int'l Corp.*, 2011 WL 2621537, at *5 (D. Colo. July 1, 2011) (deferring the first-to-file decision to the first-filed court); *W. LB AG, New York Branch v. DT Land Dev., LLC*, 2010 WL 2698297, at *3 (D. Colo. June 25, 2010) (same).

*Cessna Aircraft* strongly suggests that the appropriate course under the circumstances is to stay this action, rather than dismiss or transfer it. 348 F.2d at 692 (noting that statute-of-limitations problems can arise when matters are dismissed or transferred to the first-filed court and the first-filed court eventually dismisses the case before it, particularly for lack of personal jurisdiction; counseling that the second-filed action be held in abeyance to avoid such problems). Accordingly, the Court will stay this case, and also administratively close it, in deference to the Northern District of Oklahoma. *See Gage, Inc. v. Range Fuels, Inc.*, 2010 WL 55493, at *3 (D. Colo. Jan.

4, 2010) (staying and administratively closing in favor of the first-filed forum).  Per D.C.COLO.LCivR 41.2, "good cause" to reopen this case would include a ruling from the Northern District of Oklahoma that it lacks personal jurisdiction over RMCF or that this lawsuit should proceed to resolve the alter ego dispute between RMCF and DJRJ. "Good cause" would *not* include disagreement with the Northern District of Oklahoma's rulings on these issues.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. DJRJ's Motion to Dismiss, or in the Alternative, Motion to Stay or Transfer to the Northern District of Oklahoma (ECF No. 17) is GRANTED IN PART and DENIED IN PART as follows:

    a. This matter is STAYED, and

    b. DJRJ's Motion is otherwise DENIED.

2. Pursuant to D.C.COLO.LCivR 41.2, the Clerk shall ADMINISTRATIVELY CLOSE this case, subject to a motion to reopen for good cause as discussed above.

Dated this 7th day of April, 2016.

BY THE COURT:

William J. Martinez
United States District Judge